# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MCCLOUD,<br><br>    Petitioner,<br><br>v.<br><br>STEVEN LAKE, Warden,<br><br>    Respondent. | Case No. 1:18-cv-01072-JLT (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING MOTION FOR FACTUAL STIPULATION<br>[Doc. 13]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

At the commencement of this case, Petitioner was in the custody of the Bureau of Prisons at the United States Penitentiary at Atwater, California. He is now incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), and he challenges a disciplinary action taken against him while he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). While at USP-Pollock, Petitioner was found guilty in a prison disciplinary hearing of violating "28 C.F.R. § 541.3 BOP Code 199 most like 108" for possession of a hazardous tool (a cellphone). (Doc. 11-1 at 4, ¶ 24.) As a result, Petitioner was sanctioned with, *inter alia*, 41 days loss of Good Conduct Time ("GCT"). (Doc. 11-1 at 5, ¶ 25.)

Petitioner contends the evidence was insufficient to support the findings (Claims One and Two). He also claims the Disciplinary Hearing Officer's ("DHO") decision was arbitrary and capricious (Claims Three and Four). Respondent contends that Petitioner was afforded all the

1

procedural and substantive due process rights he was entitled to, and requests the petition be denied. The Court[1] will **DENY** the petition.

I. <u>**BACKGROUND**</u>

Petitioner is currently incarcerated at USP-Lewisburg serving a 235-month sentence for his 2005 conviction in the Southern District of Georgia for knowing and intentional distribution of cocaine in violation of 28 U.S.C. § 841(a)(1), (b)(1)(C). <u>Id</u>. at ¶ 3.

On August 10, 2018, Petitioner filed a federal petition for writ of habeas corpus in this Court. As previously stated, he does not challenge his conviction, but a disciplinary proceeding held on June 21, 2017. <u>Id</u>. at ¶ 21. On November 29, 2018, Respondent filed an answer to the petition. (Doc. 11.) Petitioner filed a reply to Respondent's answer on January 10, 2018.

II. <u>**DISCUSSION**</u>

    A. **Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. <u>See</u> 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>See</u>, <u>e.g.</u>, <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990); <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. <u>See</u>, <u>e.g.</u>, <u>Clark v. Floyd</u>, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); <u>Jalili</u>, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); <u>Barden</u>, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); <u>Brown</u>, 610 F.2d at 677 (challenging content of

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

**B.     Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner was in the custody of the Bureau of Prisons at USP-Atwater, which is located within the jurisdiction of this Court, at the time he filed the petition. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C.     Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). It appears Petitioner has exhausted his administrative remedies by presenting his claims to the highest level.

**D.     Review of Petition**

1.     Factual Background[2]

The Court notes that Petitioner filed a motion entitled "Motion for Factual Stipulation" on January 10, 2019. (Doc. 13.) Petitioner disagrees with Respondent's factual recitations and sets forth his own version of the facts. It appears that Petitioner is asking the Court to redetermine the facts. Petitioner's motion will be denied because the Court is not tasked with making its own assessment of the credibility of witnesses or reweighing of evidence. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Rather, as will be discussed, the relevant question is whether there was "some evidence" to support the disciplinary hearing. Superintendent v. Hill, 472 U.S. 445, 454

---

[2] The factual background is derived from the petition, Disciplinary Hearing Officer report, the Valle Declaration attached to Respondent's answer, Petitioner's Declaration attached to his Reply, and supporting exhibits.

(1984).

On February 1, 2017, staff at USP-Pollock discovered a cellular telephone on the person of inmate Clarence Buck. (Doc. 11-2 at 14.) A forensics review was conducted on the telephone and it was discovered that the telephone had been used to call a telephone number that appeared on Petitioner's telephone list. (Id.) Petitioner listed this number as a "friend." (Id.) He was the only inmate at the institution with this number included on his communication list. (Id.) As a result, he was given an incident report for violation of Code 108, Possession of a Hazardous Tool. (Doc. 11-1 at 2, ¶ 8.)

On March 23, 2017, a disciplinary hearing was conducted before Disciplinary Hearing Officer S. English. (Doc. 11-1 at 3, ¶ 15.) Petitioner presented no documentary evidence. (Doc. 11-1 at 3, ¶ 16.) He requested inmate Buck as a witness, however, Buck was not called as he was "in transit." (Doc. 11-2 at 21.) Petitioner was given an opportunity to provide a statement to which he replied, "I have no idea how inmate Buck got the number. I never used a phone. I never saw the cell phone and I never gave inmate Buck the number to call for me. I don't know, I have given it out in the past." (Id.) English determined that Petitioner committed the violation of Code 108 based on evidence of a photograph of the cell phone, the forensic report, and telephone records which revealed that the phone was used to call a number that only appeared on Petitioner's telephone list. (Doc. 11-1 at 3, ¶ 17.) English sanctioned Petitioner to a loss of 41 days of GCT, forfeiture of 13 days of non-vested GCT, loss of phone privileges for six months, and loss of commissary privileges for three months. (Doc. 11-1 at 4, ¶ 18.)

Petitioner pursued his administrative remedies, and on May 25, 2017, the Regional Office remanded the matter back to USP-Pollock for a rehearing. (Doc. 11-1 at 4, ¶ 20.) The Regional Office determined that BOP policy would not support a charge of Code 108 unless the tool had been found on the suspect's person or under his dominion or control. (Doc. 11-1 at 4, ¶ 20.) The Regional Office ordered the case reheard, and if evidence sustained the charge, to sanction based on "Code 199, Most Like a Code 108." (Doc. 11-1 at 4, ¶ 20.)

On June 21, 2017, Disciplinary Hearing Officer Valle held the rehearing. (Doc. 11-1 at 4, ¶ 21.) At the rehearing, Petitioner denied the charges and stated, "I didn't know about a cellphone.

I never used a cellphone. I don't know how that number appeared on the cellphone." (Doc. 11-2 at 27.) Petitioner called inmate Buck as a witness, who stated, "I am calling important people. I did not make the call so I wasn't worried about it." (Doc. 11-2 at 27.) Officer Valle relied on the written incident report and the evidence submitted, including the photograph of the cellphone, the forensics report and telephone records. (Doc. 11-2 at 28.) Valle determined that Petitioner had committed the prohibited act of Disruptive Conduct most like Possession of a Hazardous Tool, a violation of Code 199, most like 108A. (Doc. 11-2 at 28.) Valle sanctioned Petitioner to a loss of 41 days of GCT, forfeiture of 13 days of non-vested GCT, loss of phone privileges for six months, and loss of commissary privileges for three months. (Doc. 11-2 at 28.) On June 23, 2017, Officer C. Farmer delivered the report to Petitioner. (Doc. 11-1 at 5, ¶ 26.)

2. <u>Due Process Rights</u>

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id</u>. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455 (citing <u>United States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927)).

Petitioner first disputes that he received advanced written notice of the charges. He claims that he was not provided proper notice after the Regional Office ordered the matter reheard

as a possible violation of Code 199, most like Code 108. His argument is without merit. The Regional Office mailed its ruling to Petitioner on May 25, 2017, in which Petitioner was advised that a rehearing would be necessary and that the charge of Code 199 most like Code 108 would be considered instead since it was more appropriate. (Doc. 11-2 at 24-25.) In addition, Petitioner had been provided a copy of the incident report used in the case on May 16, 2017, in advance of the first hearing. (Doc. 11-2 at 27.) Thus, he was provided more than 24 hours advanced notice with the incident report and the Regional Office decision. With respect to Petitioner's complaints concerning the violation of Code 199, the DHO is well within his authority to determine that the inmate committed the exact prohibited acts charged, additional acts, or acts similar to the prohibited acts. 28 C.F.R. § 541.8.

Petitioner next complains the DHO was not an impartial hearing body. This allegation is also without merit. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Petitioner was given an opportunity to present a defense and Valle stated he considered Petitioner's statement, but he determined that the weight of the evidence showed Petitioner constructively possessed the phone as indicated by the undisputed fact the phone was used to call Petitioner's friend. Petitioner argues that other inmates who also made outgoing calls using the phone did not receive similar sanctions, and therefore, the decision was arbitrary. The claim is unsupported. Petitioner submitted copies of incident reports concerning two other inmates, but the documents do not show anything with respect to sanctions. (Doc. 1 at 14-15.) Even if there were disparities shown, there is no evidence of bias.

In his reply, Petitioner alleges that he was denied his right to call inmate Buck. The Discipline Hearing Officer Report states that inmate Buck appeared and stated, "I am calling important people. I did not make that call, so I wasn't worried about it." (Doc. 11-2 at 27.) Petitioner disputes that inmate Buck made this statement, but his contention is unsubstantiated. Regardless, the DHO relied on the undisputed facts that a call was made to Petitioner's friend utilizing that cellphone, and that number appeared only on Petitioner's call list.

Finally, Petitioner argues that there is insufficient evidence to support the guilty findings.

At the rehearing his defense was "I didn't know about a cellphone. I never used a cellphone. I don't know how that number appeared on the cellphone." (Doc. 11-2 at 27.) He argues that the cellphone was never discovered in his possession and there was no evidence that he had been seen using it. Nevertheless, the DHO did not find these facts relevant. The DHO relied instead on circumstantial evidence of his constructive possession. As previously noted, the cellphone had been used to call his friend, and that number only appeared on Petitioner's telephone list. Petitioner takes issue with the application of the "constructive possession" doctrine; however, federal courts have held that the "some evidence" standard may be satisfied by application of the constructive possession doctrine. See, e.g., Torres v. Langford, 2017 WL 5900063, at *4 (C.D. Cal. 2017) (finding "some evidence" standard met where weapon was discovered on a window ledge in a room the petitioner shared with five inmates); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (finding "some evidence" standard met where weapons were found in a cell that housed the petitioner and three other inmates); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (finding "some evidence" standard met where contraband was found in locker shared by two inmates); Pettis v. Asuncion, 2017 WL 927626, at *6–7 (C.D. Cal. 2017) (finding "some evidence" standard met where cell phone was found in petitioner's shared cell and his cell mate provided a declaration stating that petitioner did not know about the phone); Harms v. Godinez, 829 F. Supp. 259, 262–63 (N.D. Ill. 1993) (finding "some evidence" standard met where contraband was found in a wastebasket in a secure area in the commissary, where petitioner and five other inmates were working).

Accordingly, Petitioner fails to demonstrate that either his procedural or substantive due process rights were violated. Wolff, 418 U.S. at 564. The petition must be denied.

### III. ORDER

Accordingly, the Court **ORDERS**:

1) The Petition for a Writ of Habeas Corpus is DENIED WITH PREJUDICE;

2) Petitioner's motion for factual stipulation is DENIED;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) As this petition is filed pursuant to 28 U.S.C. § 2241 and does not concern the

underlying conviction, a certificate of appealability is not required. <u>Forde v. U.S. Parole Comm'n</u>, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:  **January 18, 2019**                          /s/ **Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE