UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MCCLOUD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEVEN LAKE, Warden,<br><br>　　　　　Respondent. | No. 1:18-cv-01072-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. 17] |

Pending before the Court is Petitioner's motion for reconsideration of the Court's order denying the petition for writ of habeas corpus, filed on February 15, 2019. (Doc. 17.) For the reasons discussed below, Petitioner's motion will be DENIED.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to

1

show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, he has not presented any other reasons justifying relief from judgment. In addition, Petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Petitioner again argues that a fact found by the Disciplinary Hearing Officer was wrong. He claims that a statement attributed to Petitioner's witness was not made by the witness and the witness was not present. According to the Disciplinary Hearing Officer Report, Inmate Buck was called as a witness at the hearing and stated, "I am calling important people. I did not make that call, so I wasn't worried about it." (Doc. 11-2 at 27.) Other than his own statement, Petitioner provides no evidence in support of his contention. He contends that Inmate Buck could not have made the statement because at the earlier hearing which was held months before he had been "in transit." The fact the inmate was in transit several months before does not show he was unavailable at the second hearing. Moreover, a reviewing federal court is not tasked with reweighing of the evidence or re-determining the credibility of witnesses. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Rather, the Court must ascertain whether there was "some evidence" to support the guilty finding. Superintendent v. Hill, 472 U.S. 445, 454 (1984). As set forth in the order denying the petition, there was some evidence of constructive possession of the

cellphone. The cellphone in question had been used to call Petitioner's friend, and that number appeared only on Petitioner's telephone list.

Finally, Petitioner again argues that he did not receive advance written notice of the charges. He provides no argument that was not already considered and rejected by the Court.

**ORDER**

Accordingly, the Court **ORDERS** that Petitioner's motion for reconsideration (Doc. 17) is DENIED.

IT IS SO ORDERED.

Dated: __March 5, 2019__          ____/s/ Jennifer L. Thurston__
UNITED STATES MAGISTRATE JUDGE